## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| GLADYS M. VARGAS-SANTOS, per se | * | CIVIL NO. 20-1641 (   ) |
| and in representation of her minor child ETV | * | |
| Plaintiffs | * | ABOUT: |
| | * | 28 U.S.C. § 1331 and 1367 |
| v. | * | Title VII and 42 USC § 1983, 1985 |
| | * | Civil Rights Act 1964, |
| Walmart, Inc., Walmart Puerto Rico, Inc., | * | ADA and ADEA |
| d/b/a Sam's Club, Ryssel Rivera, | * | 1802 and 1803 of PR Civil Code |
| John Doe, Richard Roe and their respective | * | TORTS |
| insurance companies | * | |
| Defendants | * | JURY TRIAL |

**************************************

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiffs, through the undersigned attorney, and very respectfully state, allege and pray:

## I.  JURISDICTION:

1.     This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII and 42 of the U. S. C., Section 1983, Civil Rights Act 1964, Age Discrimination (ADEA) and American with Disability Act (ADA).

2.     Plaintiffs invoke violations to Commonwealth of Puerto Rico Labor Laws including Public Law No. 80 of May 30, 1976 as amended and invoke the article 1802 and 1803 of Puerto Rico Civil Code under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367.

3.     This Honorable Court also has venue pursuant to 28 United States Code § 1391 since the claims asserted in this action arose in this judicial district.

c:\claims\GVARGAS.002

**COMPLAINT**
**CIVIL NO. 20-1641 ( )**
**Page 2**

    4.      Trial by jury is hereby requested.

## II.   PARTIES:

    5.      Plaintiff Gladys M. Vargas-Santos is of legal age, single, and citizen of Puerto Rico.

    6.      Plaintiff ETV is a minor, totally dependent of her mother Gladys M. Vargas-Santos.

    7.      Plaintiffs' physical address is Urb. Quintas del Sur, 9-J St., Ponce, PR 00728 and their postal address is Urb. La Providencia, 2524 Barbosa St., Ponce, PR 00728.

    8.      Defendant Sam's West, Inc. (doing business as Sam's Club) is an American chain of membership-only retail warehouse clubs owned and operated by Walmart, Inc. The company is based in Bentonville, Arkansas, USA.

    9.      Walmart Puerto Rico, Inc. operates as a subsidiary of Walmart, Inc. It has several retail warehouse clubs owned and operated in the Commonwealth of Puerto Rico including a store in Ponce, PR designated as Sam's Club 6690 located at 2188 Ave. Eduardo Ruberte, Ponce, PR 00716.

    10.      Defendant Ryssel Rivera was the Human Resources Manager of Walmart Puerto Rico, Inc., at the time of the facts alleged in the complaint.

    11.      John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Included are the insurance companies of all the defendants.

## III.   FACTS:

**Related to all claims against defendants.**

    12.      Sam's West, Inc. (doing business as Sam's Club) is an American chain of

**COMPLAINT**
**CIVIL NO.  20-1641 (  )**
**Page 3**

membership-only retail warehouse clubs owned and operated by Walmart Inc., founded in 1983 and

named after Walmart founder Sam Walton.  As of January 31, 2019, Sam's Club ranks second in

sales volume among warehouse clubs with $57.839 billion in sales in fiscal year 2019[1]. As of July

31, 2020, Sam's Club operates 599 membership warehouse clubs in the United States in 44 states,

Puerto Rico and the U. S. Virgin Islands.

13.    Plaintiff Gladys Vargas-Santos commenced to work for employer Sam's Club at

Ponce on October 2011.  Se worked since October 2011 until February 15, 2019.

14.    The performance of Plaintiff Gladys Vargas-Santos during her career in Sam's Club

was excellent, he was promoted in position and duties and never was admonished neither received

any warning verbal or written.  He received several performance awards.

15.    Plaintiff Gladys Vargas-Santos worked as a cashier in the Front End area, but within

that position she worked in different areas of the store such as jewelry, bakery, Sam's Cafe among

others and while working on these areas she received several awards for her performance.

16.    On January 2017, plaintiff Gladys Vargas-Santos went to the marketing area as an

operator after having applied for the position. She was given the opportunity in the same place where

she always collaborated not only in this area but also where the store had the need.

17.    On January 2018 the position is removed from the store and plaintiff Gladys Vargas-

Santos applied and competed for another position without losing her tenure nor seniority. She went

through competitive selection process; interview process again until she got selected for a position

---

[1]Walmart Annual Report 2020
c:\claims\GVARGAS.002

COMPLAINT
CIVIL NO.  20-1641 (   )
Page 4

in the company without losing her rights for the years of service. Finally on March 2018 she was

notified that she passed (was selected) the interview processes and that she was going to the Front

End Area as a cashier. She signed the appointment documents with Human Resources Manager

Risell Rivera, who said that she was a Front End Areal operator (cashier).  The position was

explained; working in the front end area as a cashier where she was going to work.

18.     There was a delay alleged by the company because she could not get a cash register

until a General Manager of the store was appointed since the store had undergone changes that

January 2018, among the people who left were several managers including the store general

manager. In the meantime plaintiff was told to work at the clothing & jewelry area, since she could

not get a cash register (front end area).

19.     Plaintiff Gladys Vargas-Santos was illegally terminated / dismissed on February 15,

2019 allegedly due to her junior status in the company in comparison to her co-workers. She was told

that her position was eliminated and the company left her two co-workers due to having more years

in the company (seniority). The information was given to her by the general manager Héctor Rivera

and the Human Resources Manager, Ryssel Rivera.  Ryssel Rivera was the same one with whom she

signed the position change as a front-end operator (cashier) almost two years ago. Plaintiff felt so

bad and under pressure by the situation that she signed the documents of the dismissal of the clothing

& jewelry area and left feeling emotionally affected.

20.     A week later, Plaintiff Gladys Vargas-Santos contacted the manager of the Human

Resources area and questioned her about the alleged changes in her working position from front end

area cashier to the clothing & jewelry center area. Defendant Ryssel Rivera evaded answering, she

c:\claims\GVARGAS.002

COMPLAINT
CIVIL NO.  20-1641 (   )
Page 5

refused to let plaintiff see her associate's file (personnel file) when asked. Later on 3 occasions

Plaintiff asked defendant Ryssel Rivera to let her  how they had made this changes which the later

evaded explained saying that she had always worked there since the change in March 2018. Finally

in March of 2019, Ryssel Rivera agreed to show Plaintiff her associate's file where she noticed that

the document indicating the position selection, transfer & appointment was altered and erased with

liquid paper; precisely where it says to *Front End Area Cashier* for *Clothing & Jewelry Center Area*.

21.     Plaintiff questioned the fact and defendant Ryssel Rivera indicated her that she had

made a mistake and that the company allowed her to use liquid paper. Upon request for a copy,

defendant denied it and indicated that the store's policy does not allow associates to have any

documentation (of their personnel records).

22.      Plaintiff Gladys Vargas-Santos called and file a complaint before the Store's

departments of Ethics, Open Doors and Advice in the company HQ in Continental US and they open

an  investigation  /  a  case.  Plaintiff  has  not  been  notified  of  the  results  on  the

complaints/investigations.

23.     Employees junior and younger were kept to take over Plaintiff Gladys Vargas-Santos

job and duties at Sam's; later employees that were younger were hired in the working position and

to perform the duties of her.

24.     Sam's Club did the same to several employees situated in the same conditions;

seasoned senior employees of Sam's Club.

25.     Sam's Club actions against Plaintiff Gladys Vargas-Santos was in violation of

ADEA, ADA and Title VII and 42 of the United States Code, Section 1983, Civil Rights Act 1964.

c:\claims\GVARGAS.002

**COMPLAINT**
**CIVIL NO.  20-1641 (   )**
**Page 6**
She was discriminated due to her age and medical conditions.

26.     The wrongful and negligent acts of all co-defendants, their managers, officials,

employees, and representatives, were the direct cause or contributed to the facts alleged in the

complaint and all the damages suffers by the plaintiffs.

27.     Plaintiff Gladys Vargas-Santosfiled a complaint in the *U. S. Equal Employment*

*Opportunity Commission* (EEOC).  The EEOC issued a Notice of Right on August 19, 2020.

**IV.    CAUSES OF ACTION:**

All the paragraphs stated herein in the Jurisdiction and Facts are literary incorporated herein

and are made part of the following paragraphs and causes of action.

**First Cause of Action**

28.     Plaintiff Gladys Vargas-Santos rights under the provisions of Title VII and 42 of the

United States Code, Section 1983, Civil Rights Act 1964, her rights under ADA & ADEA were

violated; her constitutional right to due process was violated by defendants.

**Second Cause of Action**

29.     Plaintiff Gladys Vargas-Santos rights under the provisions of the labor laws of Puerto

Rico against discrimination and under *Public Law No. 80 of may 30, 1976*, is invoked under the

under the supplemental jurisdiction principles in the interest economy and of judicial efficiency.

**Third Cause of Action**

30.     Plaintiff Gladys Vargas-Santos' rights under the provisions of *Puerto Rico Civil*

*Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) is invoked under the supplemental

jurisdiction principles in the interest economy and of judicial efficiency.

c:\claims\GVARGAS.002

COMPLAINT
CIVIL NO.  20-1641 (   )
Page 7

### Forth Cause of Action

31.     Plaintiff ETV had suffered and continue to suffer, severe emotional distress, affliction, anguish, economical damages, deprivation because of her mother damages and suffering due to violation of the American of Disability Act (ADA), violation of ADEA, constitutional right do to due process, violations and the discrimination and Torts.

## V.    DAMAGES:

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary incorporated herein and are made part of the following paragraphs and causes of action. All defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

32.     Plaintiff Gladys Vargas-Santos' civil rights were violated; she was discriminated due to her age and medical condition; her rights under ADA & ADEA were violated; her  constitutional right to due process was violated; he suffered moral damages and mental anguish; monetary loss; lost of income; damages estimated on $500,000.00.

33.     Co-plaintiff ETV had suffered and continue to suffer, severe emotional distress, affliction, anguish, economical damages, deprivation because of her mother damages and suffering due to violation of the American of Disability Act (ADA), violation of ADEA, constitutional right do to due process, violations and the discrimination; damages estimated on $100,000.00.

34.      Plaintiff Gladys Vargas-Santos, personnel records were illegally altered, she has suffered and continue to suffer, severe emotional distress, affliction, anguish, deprivation; claims and rights under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of

c:\claims\GVARGAS.002

**COMPLAINT**
**CIVIL NO.  20-1641 (   )**
**Page 8**
judicial efficiency.  Damages estimated on $100,000.00.

35.     Plaintiff Gladys Vargas-Santos, has suffered illegal labor discrimination, labor treatment and dismissal of her full-time permanent job; claims and rights under the provisions of the labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976* invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. Damages estimated on $50,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less than seven hundred fifty thousand dollars ($750,000.00) suffered by plaintiffs because of defendants wrongful acts and combined negligence, plus an additional amount for  attorney fees and court costs, all to be paid severally by defendants.

**JURY TRIAL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this 15th day of November of 2020.

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel. (787) 843-2828 / 843-2900 Fax (787)284-1267
Email:  **juan_r_rodriguez00732@hotmail.com**
        **juan.r.rodriguez00732@gmail.com**

By:___*S\Juan R. Rodriguez*_____
        **JUAN R. RODRIGUEZ**
        **USDC - PR 214410**

c:\claims\GVARGAS.002