**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GLADYS M. VARGAS-SANTOS, personally and in representation of minor E.T.V.,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **SAM'S WEST, INC.; WALMART P.R., INC., d/b/a SAM'S CLUB; WALMART, INC.; and RYSELL RIVERA; et al.,** <br><br> **Defendants.** | **CIVIL NO. 20-1641 (GAG)** |

## OPINION AND ORDER

Gladys M. Vargas-Santos ("Vargas-Santos" or "Plaintiff"), personally and in representation of her minor child E.T.V., filed an amended complaint in the above-captioned case against Sam's West, Inc.,[1] Walmart, Inc. ("Walmart"), Walmart Puerto Rico, Inc., d/b/a Sam's Club ("Walmart P.R."), and Rysell Rivera ("Rivera") alleging that her termination was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), as well as supplemental claims arising under the Commonwealth of Puerto Rico labor laws and the Puerto Rico Civil Code. (Docket No. 26 ¶¶ 28-31). Plaintiff seeks damages in the amount of $750,000 to compensate her for mental anguish and loss of income as well as other damages as a result of her unlawful termination from her long-term job at Sam's Club. Id. ¶¶ 32-35.

---

[1] At Docket No. 25, Plaintiff purported to file an affidavit of service upon Sam's West, Inc., which is a corporation separate from Walmart, Inc. (Docket No. 34 at n.4). This affidavit of service, however, was identical to the one filed at Docket No. 22, which is the affidavit of service upon Walmart, Inc. Since Plaintiff has submitted no proof of service upon Sam's West, Inc., as required by FED. R. CIV. P. 4(l) and the time limit for service under FED. R. CIV. P. 4(m) has expired, there is no pending claim against Sam's West, Inc.

**Civil No. 20-1641 (GAG)**

Currently before the Court are Walmart's, Walmart P.R.'s, and Rivera's (collectively, "Defendants") motions to dismiss the amended complaint for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6), (Docket Nos. 32, 33, 34), as well as Walmart's motion to dismiss the amended complaint for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). (Docket No. 34). Plaintiff opposed. (Docket No. 37). With leave of the Court, Defendants replied. (Docket No. 40). For the ensuing reasons, the Court **GRANTS** Defendants' motions to dismiss the amended complaint at Docket Nos. 32, 33, and 34.

### I.   Relevant Factual and Procedural Background

For purposes of these motions to dismiss, the Court accepts as true all the factual allegations in the Plaintiff's amended complaint and construes all reasonable inferences in her favor. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

Vargas-Santos began working at Sam's Club in Ponce, Puerto Rico on October 2011 and continued to work there until she was terminated in February 2019. (Docket No. 26 ¶¶ 7, 13, 19). Sam's Club is owned and operated by Walmart P.R., a subsidiary of Walmart. Id. ¶ 9. Vargas-Santos worked as a cashier in the front-end area of the store and had received awards for her performance. Id. ¶ 15. In January 2017, Vargas-Santos successfully applied for a new position as an operator in the store's marketing area, but in January 2018 the position was eliminated. Id. ¶¶ 16-17. Vargas-Santos subsequently applied for her previous position as a front-end cashier in March 2018 and was selected for that position. Id. ¶ 17. Although she was selected as a front-end cashier, Vargas-Santos was told to work in the store's clothing and jewelry area instead due to the store's needs. Id. ¶ 18.

On February 15, 2019, Hector Rivera, the store's general manager, and Rysell Rivera, the human resources manager, told Vargas-Santos that they were eliminating her position and

terminating her. Id. ¶ 19. Allegedly, Vargas-Santos was terminated due to her junior status in comparison to her two co-workers who had seniority because they had worked at Sam's Club for more time than her. Id. Vargas-Santos recalls feeling sad and under pressure so she signed the notice of dismissal. Id. A week later, she contacted Rysell Rivera and asked her about the change in her assigned position from front-end cashier to the clothing and jewelry area of the store. Id. ¶ 20. After multiple follow-ups, Vargas-Santos was allowed to see her employment file. While reviewing her file, Plaintiff noticed that the document indicating position selection, transfer, and appointment had been altered and erased using liquid paper; her title "Front End Area Cashier" had been changed to "Clothing & Jewelry Center Area." Id.

Upon questioning, Rysell Rivera told Vargas-Santos that she made a mistake on the paperwork and received permission to fix it using liquid paper. Id. ¶ 21. Vargas-Santos was not allowed to take a copy of the termination paperwork. Id. She made a complaint with Walmart's Human Resources Office and was told that an investigation would be made and that the company would communicate its decision to her, but she has not been informed of the outcome of any investigation. Id. ¶¶ 22, 22a, 22b, 22c. Other employees who were both junior and younger than her were retained and took over her job responsibilities. Id. ¶ 23.

In her amended complaint, Vargas-Santos alleges that she was discriminated against by Walmart P.R. due to her age and medical conditions. Id. ¶ 25. Vargas-Santos filed an administrative complaint with the United States Equal Employment Opportunity Commission ("EEOC") and received the notice of her right to sue letter on August 19, 2020. Id. ¶¶ 25, 27.

## II.   Motion to Dismiss for Lack of Personal Jurisdiction: 12(b)(2)

### a.   Standard of Review

**Civil No. 20-1641 (GAG)**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) allows a defendant to request dismissal of an action pending against them due to lack of personal jurisdiction. On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction over the defendant. See Negrón-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 23 (1st Cir. 2007). Most commonly, the plaintiff must make a prima facie showing; that is, proffer "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002). The defendant may put forward undisputed facts to rebut the plaintiff's prima facie showing, but any factual disputes are construed in the plaintiff's favor when deciding the jurisdictional question. Id. The Court, however, does not "credit conclusory allegations or draw farfetched inferences." Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994). The Court may rule on a 12(b)(2) motion without holding an evidentiary hearing when employing the "prima facie standard." See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).

Alternatively, the Court may hold an evidentiary hearing and make findings of fact to "adjudicate the jurisdictional issue definitively before the case reaches trial." Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 146 (1st Cir. 1995). But such a hearing is only needed where a party so requests and where "issues of credibility are presented and must be resolved to determine an issue of fact material to the court's disposition." Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 676 (1st Cir. 1992). Here, factual disputes and issues of credibility are not seriously implicated so as to require live testimony to make a determination. Therefore, the undersigned will apply the prima facie standard in evaluating whether Plaintiff has met her burden of establishing a basis for personal jurisdiction.

In order to make a prima facie case for personal jurisdiction, the burden is on the plaintiff to plead sufficient facts to satisfy both Puerto Rico's long-arm statute, P.R. LAWS ANN. tit. 32, app. III, r. 4.7, as well as the Due Process Clause of the United States Constitution. See Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 84 (1st Cir. 1997). As Puerto Rico's long-arm statute is "coextensive with the reach of the Due Process Clause," Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011), the Court therefore proceeds to the constitutional analysis. See Portugues v. Venable LLP, 497 F. Supp. 2d 295, 298 (D.P.R. 2007).

      b. Legal Discussion and Analysis

In order to satisfy the Due Process Clause and for the Court to exercise personal jurisdiction, a defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). There are two types of jurisdiction that conform with due process: general and specific. Portugues, 497 F. Supp. 2d at 298. The analysis for both focuses on "minimum contacts" between the out-of-state defendant and the forum. Negrón-Torres, 478 F.3d at 24. A defendant may be subject to general jurisdiction when they are engaged in "continuous and systematic" activity within the forum such that they are considered at home there. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citation omitted). Specific personal jurisdiction arises instead out of the defendant's forum-specific contacts. United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992).

In order to establish general personal jurisdiction over an out-of-state defendant, the First Circuit has made clear that "[t]he mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the

subsidiary." Negrón-Torres, 478 F.3d at 27 (quoting Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 905 (1st Cir. 1980)). "There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary." Id. The plaintiff must proffer "'strong and robust' evidence of control by the parent company over the subsidiary, rendering the latter to a 'mere shell.'" De Castro v. Sanifill, Inc., 198 F.3d 282, 283-84 (1st Cir. 1999) (quoting Escude, 619 F.2d at 905).

Furthermore, the First Circuit applies a three-part test to determine whether the plaintiff has pled sufficient facts in their complaint to establish specific personal jurisdiction.

> First, an inquiring court must ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum. Second, the court must ask whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws. Third, if the proponent's case clears the first two hurdles, the court then must analyze the overall reasonableness in light of a variety of pertinent factors that touch upon the fundamental fairness of an exercise of jurisdiction.

Portugues, 497 F. Supp. 2d at 298 (citing Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 288 (1st Cir. 1999)). All three elements must be satisfied. Phillips Exeter Acad., 196 F.3d at 288.

In order to satisfy relatedness, the first prong, the claim must directly relate to or arise out of the defendant's forum state contacts. Portugues, 497 F. Supp. 2d at 298. As the First Circuit has noted, "[t]he relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection." Harlow v. Child.'s Hosp., 432 F.3d 50, 61 (1st Cir. 2005). "A broad 'but-for' argument is generally insufficient. Because 'but-for' events can be very remote . . . due process demands something like a 'proximate cause' nexus." Id. at 61. Specific personal jurisdiction requires a "demonstrable nexus between a plaintiff's claim and a defendant's forum-based activities." Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

Here, Plaintiff alleges that her employer, Sam's West, Inc., is owned and operated by Walmart, a company based in Bentonville, Arkansas. (Docket No. 26 ¶ 8). Plaintiff also states that Walmart P.R. is a subsidiary of Walmart and that Walmart P.R. owns and operates the Sam's Club in Ponce, Puerto Rico, where Plaintiff was employed. Id. ¶¶ 9, 12-13. Plaintiff also includes facts about the volume of sales by all of the Sam's Club stores across the United States. Id. ¶ 8-9, 12.

The Court finds that neither general nor personal jurisdiction has been established. Accepting as true all the factual allegations in the amended complaint, Plaintiff does not sufficiently show that Walmart should be considered at home in the forum state of Puerto Rico to enable the Court to assert general personal jurisdiction over it because the mere fact that Walmart does business within Puerto Rico via its subsidiary company, Walmart P.R., does not confer jurisdiction over its nonresident parent. See Negrón-Torres, 478 F.3d at 27 ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary."). Plaintiff does not proffer strong and robust evidence of control by the parent company over the subsidiary, which would have rendered Walmart P.R. as a mere shell company of Walmart. De Castro, 198 F.3d at 283-84. Therefore, the Court lacks general personal jurisdiction over Walmart.

Moreover, Plaintiff has not alleged any facts about Walmart's specific contacts with the forum of Puerto Rico to empower the Court to impose specific personal jurisdiction over Walmart other than stating that Walmart owns and operates Sam's West, Inc. In fact, Plaintiff also states that the Sam's Club store in Ponce is instead owned and operated by Walmart P.R. (Docket No. 26 ¶ 9). The facts proffered in Plaintiff's amended complaint attempt to establish something akin to a "but- for" standard of relatedness (i.e., but for Walmart operating in Puerto Rico, this employment discrimination would not have occurred). Nevertheless, the First Circuit requires more; specifically,

something more akin to a proximate cause nexus, with a demonstrable connection between Plaintiff's claim and Walmart's activities based in Puerto Rico. See Mass. Sch. of L at Andover, Inc., 142 F.3d at 34 (Specific personal jurisdiction requires "demonstrable nexus between a plaintiff's claim and a defendant's forum-based activities."). The minimal facts alleged in Plaintiff's amended complaint do not satisfy the relatedness prong of the specific personal jurisdiction elements. See Portugues, 497 F. Supp. 2d at 298 ("First, an inquiring court must ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum."). As all three elements of the First Circuit's specific jurisdiction test must be met, Plaintiff fails to establish specific personal jurisdiction. Phillips Exeter Acad., 196 F.3d at 288.

Absent further factual allegations regarding Walmart's actions in Puerto Rico and their connection to her discrimination claim, Plaintiff has not met her burden of establishing that Walmart should be subject to general or specific personal jurisdiction in Puerto Rico. Consequently, the Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction as to Walmart at Docket No. 34 is hereby **GRANTED**.

**III.     Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted: 12(b)(6)**

First, the Court notes that Plaintiff explicitly abandoned her claim of discrimination on the basis of her medical condition under the Americans with Disabilities Act ("ADA") that was included in her original complaint, (Docket No. 1), but was not included as a cause of action in her amended complaint (Docket No. 26). ("Plaintiffs' Complaint established valid claims under Title VII and ADEA. It is conceded that it was not for ADA claim." Docket No. 28 at 7, *adopted at* Docket No. 37 ¶ 3). Defendants argue that the facts alleged in the amended complaint do not make out a claim for discrimination under either Title VII or ADEA. (Docket No. 32 at 9-10). Notwithstanding the

**Civil No. 20-1641 (GAG)**

previous ruling that the Court lacks personal jurisdiction over Walmart to entertain the present case, the Court will also address Walmart's, Walmart P.R.'s, and Rivera's motions to dismiss for failure to state a claim under Rule 12(b)(6).

    a. <u>Standard of Review</u>

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step process using the "plausibility" standard established by the United States Supreme Court. See <u>Schatz v. Republican State Leadership Comm'n</u>, 669 F.3d 50, 55 (1st Cir. 2012) (citing <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011), which discusses <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)). In the first step, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." <u>Schatz</u>, 669 F.3d at 55. A complaint does not require detailed factual allegations; nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. In the second step, the Court must then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." <u>Schatz</u>, 669 F.3d at 55. Plausible indicates something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job, requiring the Court to draw on its judicial experience and common sense. <u>Id.</u> (citing <u>Iqbal</u>, 556 U.S. at 679). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element or elements to make out a claim for relief. <u>Twombly</u>, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

Additionally, at the motion to dismiss stage, "the Court may consider: [1] 'implications from documents' attached to or fairly 'incorporated into the complaint,' [2] 'facts' susceptible to 'judicial notice,' and [3] 'concessions' in plaintiff's 'response to the motion to dismiss.'" Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013) (quoting Schatz, 669 F.3d at 55-56). At the Court's discretion, if it chooses to consider materials outside the pleadings, a motion to dismiss should be converted to a motion for summary judgment under FED. R. CIV. P. 56. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

Under certain "narrow exceptions," the Court may consider some extrinsic documents without converting a motion to dismiss into a motion for summary judgment. Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). These exceptions include "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiffs' claim; [and] . . . documents sufficiently referred to in the complaint." Freeman, 714 F.3d at 36 (quoting Watterson, 987 F.2d at 3).

A plaintiff's charge filed with the EEOC "may be considered either as a matter referenced in the complaint or as a public record subject to judicial notice." Maldonado-Cordero v. AT&T, 73 F. Supp. 2d 177, 185 (D.P.R. 1999) (citing Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)). Therefore, the Court will consider Plaintiff's EEOC charge, (Docket No. 32-1), without converting the motion to dismiss into a motion for summary judgment. See Barber v.

Verizon New England, Inc., No. C.A. 05-390, 2005 WL 3479834, at *1 n.1 (D.R.I. Dec. 20, 2005) (citing Beddall, 137 F.3d at 17).

### b. Legal Discussion and Analysis

#### i. *Title VII Claim*

Title VII prohibits employment discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," and provides a cause of action for discrimination. 42 U.S.C. § 2000e-2(a)(1); Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 31 (1st Cir. 1990).

To succeed on a Title VII claim, the plaintiff carries the initial burden of establishing a prima facie case of discrimination by a preponderance of the evidence. Aly v. Mohegan Council, Boy Scouts of Am., 711 F.3d 34, 46 (1st Cir. 2011). To make a prima facie case, the plaintiff bears the burden of showing that (1) she is a member of a protected class; (2) she possessed the necessary qualifications and adequately performed the job; (3) she was dismissed or otherwise suffered an adverse employment action by her employer; and (4) her employer sought someone of roughly equivalent qualifications to perform substantially the same work. Id.

Plaintiff's allegations of discrimination in her termination hinge on the fact that she was terminated but other employees that were younger than her and more junior to her were still employed. (Docket No. 26 ¶¶ 23-25). This is further reinforced by Plaintiff's claim that "[s]he was discriminated due to her age and medical conditions." Id. ¶ 25. Unfortunately, neither age nor medical conditions are protected classes for Title VII purposes. See 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination on the basis of an individual's race, color, religion, sex, or national origin). Therefore, Plaintiff has failed to make out a Title VII claim of discrimination. Plaintiff's

amended complaint does not indicate which protected class she is a member of under Title VII and as such, fails to state a Title VII discrimination claim upon which relief can be granted.

### ii. *ADEA Claim*

In order to make a claim of age discrimination under ADEA, a plaintiff must plead facts demonstrating: (1) she was over the age of 40; (2) her job performance was sufficient to meet her employer's legitimate job expectations; (3) she experienced an adverse employment action; and (4) the employer continued to require the position that the plaintiff was terminated from. Irizarry v. Kmart Corp. PR., No. 15-2330 (GAG), 2016 WL 270386, at *4 (D.P.R. Jan. 21, 2016) (citing De La Vega v. San Juan Star Inc., 377 F.3d 111, 117 (1st Cir. 2004)).

Here, Plaintiff has omitted a key fact from her pleadings that is necessary to meet ADEA requirements. Namely, Plaintiff has not alleged that she is over the age of 40. In her amended complaint, Plaintiff states that she is "of legal age," possibly indicating that she is over 18. (Docket No. 26 ¶ 5). Nevertheless, nowhere in her amended complaint (Docket No. 26), her original complaint (Docket No. 1), or in any subsequent pleadings (Docket Nos. 28, 37) does Plaintiff state her age. Similarly, in her EEOC Charge of Discrimination form and attached letter (Docket No. 32-1), Plaintiff does not state any age or list her date of birth. Therefore, Plaintiff cannot make out a charge for discrimination under ADEA.

### iii. *Title VII and ADEA Claims: Individual Liability*

Plaintiff also brings her Title VII and ADEA claims against Rysell Rivera in her individual capacity, who was the human resources manager of Walmart P.R. at the time of Plaintiff's termination. (Docket No. 26 ¶ 10). As the First Circuit established in Fantini v. Salem State Coll., 557 F.3d 22, 30 (1st Cir. 2009), there is no individual liability under Title VII. Though the First Circuit has not squarely addressed the issue of whether there is individual liability under ADEA,

commensurate with other district courts within the First Circuit and sister circuit court opinions on this issue, most courts have concluded that there is no individual liability under ADEA. See Cosme-Perez v. Mun. of Juana Diaz, 110 F. Supp. 357, 384-85 (D.P.R. 2015); Miranda v. Deloitte LLP, 979 F. Supp. 2d 191, 193-97 (D.P.R. 2013); see also Martin v. Chem. Bank, 129 F.3d 114 (2d Cir. 1997); Smith v. Lomax, 45 F.3d 402, 403-04 & n.4 (11th Cir. 1995). Thus, the Title VII and ADEA claims against Rysell Rivera, in her individual capacity, fail as a matter of law.

      iv.  *Puerto Rico State Law Claims*

Based on the same set of facts giving rise to her Title VII and ADEA claims, which the Court has jurisdiction over pursuant to 28 U.S.C. § 1331 (Docket No. 26 ¶ 1), Plaintiff invokes supplemental jurisdiction under 28 U.S.C. § 1367 to assert the following Puerto Rico law claims: wrongful dismissal under Puerto Rico Act No. 80 of May 30, 1976, P.R. LAWS ANN. tit. 29, §§ 185a *et seq.* ("Law 80"), and negligence under Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. LAWS ANN. tit. 31, §§ 5141, 5142 ("Articles 1802 and 1803"). Id. ¶ 29-30. As a result, Plaintiff's remaining claims fall under the purview of state courts. See Lynn Zareas v. San Martin, Civil No. 05-1384 (GAG), 2005 WL 8168025, at *5 (D.P.R. Oct. 10, 2005). When all federal claims have been dismissed by the Court, all state claims are to be dismissed as well. See United Mine Workers v. Gibbs, 715, 726 (1966); see also Martínez v. Colón, 54 F.3d 980, 990-91 (1st Cir. 1995). Since the Court has ruled that Plaintiff has failed to state a claim upon which relief can be granted from Walmart, Walmart P.R., and Rivera and that the Court lacks personal jurisdiction over Walmart, the Court hereby exercises jurisdiction over the alleged causes of action falling under Puerto Rico law and hereby **DISMISSES** these Puerto Rico state law claims.

**IV.**   **Conclusion**

**Civil No. 20-1641 (GAG)**

For the reasons set forth above, the Court **GRANTS** Walmart P.R.'s motion to dismiss for failure to state a claim at Docket No. 32, **GRANTS** Rysell Rivera's motion to dismiss for failure to state a claim at Docket No. 33, and **GRANTS** Walmart's motions to dismiss for lack of personal jurisdiction and for failure to state a claim at Docket No. 34.

**SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of October, 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge